FILED'08 JUN 03 0945USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MICHAEL GOFF,
            Plaintiff,

                                                    CV 07-3090-PK

                                                    OPINION AND
v.                                                  ORDER

MICHAEL J. ASTRUE, Commissioner of
Social Security,
            Defendant.
_____

PAPAK, Magistrate Judge:

On December 13, 2007, this action was filed *in forma pauperis* by plaintiff Michael Goff

against defendant Michael J. Astrue, the Commissioner of the Social Security Administration,

seeking relief in mandamus. Goff's complaint can reasonably be interpreted as seeking an order

to compel the Commissioner to process a Form SSA-7008 filed by Goff with the Social Security

Administration in or around September 2007, seeking correction of his earnings record. This

court has jurisdiction over Goff's action pursuant to 28 U.S.C. §§ 1331 and 1361.

Page 1 - OPINION AND ORDER

Now before the court is the Commissioner's motion to dismiss (#13). As set forth below, the Commissioner's motion, arguing lack of subject-matter jurisdiction due to Goff's alleged failure to exhaust applicable administrative remedies, is premised on an unjustified construction of Goff's complaint. Goff's claim, properly construed, is not subject to any jurisdictional exhaustion requirement. The Commissioner's motion is therefore denied.

Notwithstanding the foregoing, this court is mindful of its statutory obligation to dismiss *sua sponte* actions failing to state a claim upon which relief can be granted. Because the Form SSA-7008 Goff filed with the Social Security Administration and submitted to this court as an exhibit to his complaint is so vague and incomplete as to be impossible to process effectively, mandamus is not available to Goff from this court as a matter of law. Goff's complaint is therefore dismissed with prejudice in its entirety.

## APPLICABLE LEGAL STANDARDS

To survive dismissal for failure to state a claim pursuant to Rule 12(b), a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" specifically, it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. ---, 127 S.Ct. 1955, 1965 (2007). "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.*, *quoting* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004); *see also* Fed. R. Civ. P. 8(a).

"In ruling on a 12(b)(6) motion, a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). In considering a motion to

dismiss, this court accepts all of the allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *See Kahle v. Gonzales*, 474 F.3d 665, 667 (9th Cir. 2007). Moreover, the court "presume[s] that general allegations embrace those specific facts that are necessary to support the claim." *Nat'l Org. for Women v. Scheidler*, 510 U.S. 249, 256 (1994), *quoting Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). The court need not, however, accept legal conclusions "cast in the form of factual allegations." *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

In civil rights cases involving a plaintiff proceeding *pro se*, this court construes the pleadings liberally and affords the plaintiff the benefit of any doubt. *See Karim-Panahi v. Los Angeles Police Dept.,* 839 F.2d 621, 623 (9th Cir. 1988). That is, *pro se* pleadings are held to a less stringent standard than those drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Specifically, a *pro se* litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000); *Karim-Panahi*, 839 F.2d at 623-624; *Noll v. Carlson*, 809 F. 2d 1446, 1448 (9th Cir. 1987); *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987).

In connection with *in forma pauperis* actions such as this, this court is obliged to dismiss *sua sponte* actions failing to state a claim upon which relief can be granted:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
>     * * *
>
>   (B) the action . . .
>
>     * * *

(ii) fails to state a claim on which relief may be granted. . . .

28 U.S.C. § 1915(e)(2).

## FACTUAL BACKGROUND

According to the complaint in this matter, at some time between September 13 and October 13, 2007, Goff filed with the Social Security Administration a Form SSA-7008 bearing the date April 6, 2007. The form was submitted with a partially-typed, partially-handwritten attachment bearing the date March 30, 2007. The form and its attachment are included as exhibits to Goff's complaint.

Form SSA-7008[1] is styled as a "Request for Correction of Earnings Record." The form requires, *inter alia*, that a petitioner provide, as to each calendar period for which the petitioner believes the Administration's earnings records are incorrect, the period and type of employment at issue, each employer's business name, address, and telephone number, the petitioner's correct social security (FICA) wages, and the petitioner's evidence of the correct earnings, whether in the form of a Form W2, a Form W-2C, or other evidence.

Goff's Form SSA-7008 included on its face none of the requested information. In the accompanying attachment, Goff avers that he "did a number of employments which resulted in Social Security earnings, none of which had any profit at all." Goff suggests that he undertook to perform these "employments" under a Social Security number not his own. In listing the dozen or so employers from whom he allegedly earned wages under a fictitious Social Security number, Goff fails to provide the dates of his employment, his correct wages, or evidence to support his

---

[1] Form SSA-7008 is used by individual wage earners who question the Social Security Administration's record of their earnings to request that the Administration review and, if appropriate, correct their earnings records.

claim to have earned wages from that employer. Moreover, in only one case does he provide an

address for an alleged employer, and several employers are identified with only the vaguest of

descriptors (*e.g.*, "an orchard also in Wenatchee vicinity," "Janitorial work, New Orleans LA,

can't recall name of janitorial company. . .").

On December 12, 2007, Goff called an office of the Social Security Administration to

inquire as to the status of his form. He learned that the form had been received, but had not yet

been processed.

This action followed.

## ANALYSIS

**I.    The Commissioner's Motion to Dismiss**

The Commissioner moves to dismiss Goff's claim on the ground that Goff has failed to

exhaust applicable administrative remedies, a jurisdictional requirement for civil actions seeking

judicial review of any decision of the Commissioner. The Commissioner construes Goff's claim

as seeking "judicial review of a July 1976 notice of termination of benefits under Title XVI of the

Social Security Act." However, the Commissioner's construal is simply unreasonable, being

without foundation in the language of Goff's complaint.

As noted above, Goff does not request that this court review the Commissioner's 1976

decision to terminate Social Security benefits, nor indeed any other decision or action taken by

the Commissioner or by the Social Security Administration. To the contrary, although many of

the facts recited in Goff's complaint are of no clear relevance to his cause of action, a cursory

reading of the complaint is sufficient to establish that its gravamen is to grieve the Social

Security Administration's delay in processing a Form SSA-7008 (Request for Correction of

Page 5 - OPINION AND ORDER

Earnings Record) filed by Goff in or around September 2007.

The Mandamus and Venue Act of 1962 (the "MVA") grants federal district courts "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Except where federal law designates an *exclusive* administrative avenue of appeal from the failure of an officer of the United States to perform a mandatory duty, the judicially-created doctrine of exhaustion of administrative remedies does not limit the federal courts' jurisdiction under the MVA. *See Hironymous v. Bowen*, 800 F.2d 888, 892 (9th Cir. 1986). The Commissioner does not argue that federal law creates any such exclusive administrative avenue of appeal applicable to Goff's claim.

The Commissioner's unenumerated 12(b) motion to dismiss for failure to exhaust administrative remedies fails therefore to establish that this court lacks jurisdiction to entertain Goff's claim. Goff's complaint alleges, with passable clarity, that the Commissioner has a nondiscretionary duty to process Forms SSA-7008, that the Commissioner has failed to do so in this instance, and that Goff has no administrative recourse by which he may compel the Commissioner to act, other than to file suit in this court. As a matter of law, Goff's complaint adequately alleges the bases for this court's jurisdiction under the MVA. The Commissioner's motion is therefore denied.

## II.    *Sua Sponte* Dismissal for Failure to State a Claim

Although Goff has adequately pled the *jurisdictional basis* of an action under the Mandamus and Venue Act, he has failed to state a claim upon which relief can be granted as to the *merits* of his MVA action. The courts of the Ninth Circuit apply mandamus "to compel a

federal official to perform a duty only if: (1) the individual's claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt, and (3) no other adequate remedy is available." *Kildare v. Saenz*, 325 F.3d 1078, 1084 (9th Cir. 2003) (emphasis supplied), *citing Patel v. Reno*, 134 F.3d 929, 931 (9th Cir. 1998). Here, Goff's claim necessarily fails as to the first enumerated element of the *Kildare* test.

As noted above, Goff included a copy of the Form SSA-7008 that he filed with the Social Security Administration as an exhibit to his complaint. On its face, the form was incompletely filled out, its many gaps including in particular the very information the form is intended to convey to the Administration on petitioners' behalf. In the absence of reasonably complete information as to the earnings record a petitioner seeks to have corrected, there is essentially no "processing" that can be undertaken in connection with a Form SSA-7008. As a matter of law, this court cannot conclude that this petitioner's right to require the Social Security Administration to process a materially incomplete form is "clear and certain" as required in *Kildare*.

Because Goff has failed to state a claim upon which relief can be granted, this court must dismiss his action. *See* 28 U.S.C. § 1915(e)(2). Because the deficiencies of Goff's complaint cannot be cured by amendment, his claim is dismissed with prejudice.[2] *See Lopez*, 203 F.3d at 1130-31.

---

[2] Although Goff cannot amend his complaint so as to render the Form SSA-7008 that he has already filed with the Social Security Administration complete and capable of meaningful processing, nothing in this court's opinion should be construed as preventing him from filing a new, fully-completed Form SSA-7008 with the Administration. Should the Administration fail to process a Form SSA-7008 containing all of the required information, at that time Goff would not be prevented from filing a new action seeking relief in mandamus.

Page 7 - OPINION AND ORDER

## CONCLUSION

For the reasons set forth above, the Commissioner's motion to dismiss for failure to exhaust administrative remedies (#13) is denied. Nevertheless, for reasons likewise set forth above, this court *sua sponte* dismisses Goff's complaint with prejudice, in its entirety, for failure to state a claim upon which relief may be granted. A judgment dismissing Goff's claims with prejudice will be prepared.


Dated this 3rd day of June, 2008.

Honorable Paul Papak
United States Magistrate Judge